J. O. HOVER et al., Appellants, v. C. C. THOMPSON, Appellee.

Orders denying a temporary injunction and sustaining a demurrer to a bill of complaint with leave to amend, will not be reversed when the purpose of the bill is to enforce ambiguous terms of a lease.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

Singletary & Reeves, for Appellants;

Curry & Crichlow, for Appellee.

WHITFIELD, C. J.—The appellants executed to the appellee a lease containing the following: "Whereas C. C. Thompson desires space upon Main St. Dock to be used as an oyster, ice and retail fish market, and marine sport-

ing goods, to be occupied by himself, therefore the owners of the dock ——————————— agree to have constructed a building" constructed as specified on a certain dock or wharf. Then follows this provision: "The lessee shall not be permitted to handle inflamable or lubricating oils of any kind, and shall not limit his merchandise to such goods as above indicated." The lessors brought a bill in equity to enjoin the lessee from using the place for "conducting or carrying on the business of a wholesale fish dealer." A decree *pro confesso* was entered for failure to plead, answer or demurrer. Subsequently the court made the following order: "This cause having been argued April 27, 1912, on motion for temporary injunction and the court being of opinion that the right claimed by complainant was doubtful on a construction of the instrument involved, a temporary injunction should not issue, no order was made or requested, but thereafter a motion to dismiss was made by defendant, which the court did not act on for want of notice thereof, and thereupon a decree *pro confesso* was entered inadvertently for want of pleadings, but while motions were pending during defendant's counsel's absence, it is ordered that said default be set aside, no objections being made thereto. It is further ordered that a temporary injunction be denied, counsel for complainant claiming right to introduce testimony to explain ambiguity if any in contract under the allegations in bill that the intention and understanding of the parties was to forbid a wholesale fish house, it is ordered that defendant plead, answer or demur in 10 days of notice of this order.

Aug. 13-12.          F. A. WHITNEY, Judge."

A demurrer to the bill of complaint was sustained with leave to amend, and the complainants appealed from the two orders mentioned.

As there is apparent ambiguity in the terms of the lease, the chancellor correctly held "that the right claimed by complainant was doubtful on a construction of the instrument," and there was consequently no error in the rulings complained of.

The orders appealed from are affirmed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., not participating.